[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 28, 2005
THOMAS K. KAHN
CLERK

No. 04-15009
Non-Argument Calendar
_____

D. C. Docket No. 03-14294-CV-DLG

THOMAS J. EUTENEUER,
ANNE C. LOTIERZO,

Plaintiffs-Appellants,

versus

ARNOLD GUERRERO,
CARLITO ARROGANTE,
SCOTT LAPOLLA,
JILL CIELO,
JANE DOES, I-II,
COLLEEN CARR,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 28, 2005)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

On July 19, 2000, Thomas Euteneuer and Anne Lotierzo filed a complaint against Arnold Guerrero, Carlito Arrogante and others under the Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248. On February 26, 2001, the district court granted the defendants' motion to dismiss for failure to state a claim upon which relief could be granted. The court gave the plaintiffs fourteen days to file an amended complaint, which they declined to do. On March 26, 2001 after the fourteen day period had elapsed, the district court entered an order of dismissal. The plaintiffs then filed a notice of appeal of the district court's order of February 26. On January 7, 2002, this Court affirmed the district court's dismissal of the complaint as to Arnold Guerrero and Carlito Arrogante.

Two years after this Court's ruling, the plaintiffs filed another complaint against Arnold Guerrero, Carlito Arrogante, Scott Lapolla, Jill Cielo, Jane Doe I, and Jane Doe II asserting the same claims under the FACE Act as well as state claims for assault and battery. The district court concluded that the plaintiffs' present lawsuit against Guerrero and Arrogante was barred due to res judicata and dismissed the complaint against those two defendants. Upon review, we affirm that decision for the reasons set out in the district court's order.

As to the other defendants, the district court concluded that the plaintiffs had

2

failed to state a claim under the FACE Act and dismissed the complaint. The claims that the plaintiffs now assert against the new defendants are the same claims that were dismissed against Guerrero and Arrogante, pursuant to Fed. R. Civ. P. 12(b)(6), in the plaintiffs' previous lawsuit. After reviewing the record and the pleadings, we conclude that the district court was correct to dismiss these same claims against the new defendants. We affirm the district court's dismissal of the complaint against the remaining defendants for the reasons set out in the district court's order.

AFFIRMED.